UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTINA R. JACKSON**                                    CIVIL ACTION

**VERSUS**                                                  NO:       19-12403

**LOUIS DEJOY, UNITED STATES**                              SECTION: "4" (4)
**POSTMASTER GENERAL**

## ORDER

Before the Court is the Defendant's **Motion in Limine to Exclude Evidence and Testimony of the Arrests and Criminal Warrants of USPS Employees**, (Rec. Doc. 32) seeking to exclude evidence and testimony of USPS employees' arrests that did not lead to convictions. The Plaintiff, Christine R. Jackson opposes the Motion. Rec. Doc. 38. The Defendant filed a Reply Memorandum in support of the motion to exclude. Rec. Doc. 42-2.

### I.      Factual Background

Plaintiff, Christina Jackson (hereinafter "Jackson"), a white United States Postal Service (hereinafter "USPS") employee filed the subject lawsuit contending that the Defendant discriminated against her by subjecting her to race-based disparate treatment and a hostile work environment. Rec. Doc 1. She also alleges that the Defendant violated the Family Medical Leave Act. *Id*. Jackson contends that her supervisors, Denis Trepagnier and Gordon Tunnel, both of whom are black, created a hostile work environment by allowing African American employees, who were allegedly the disproportionate racial majority, to threaten white employees which culminated in threats of physical violence. Rec. Doc. 33-1.

The Defendant contends that the Plaintiff intends to introduce evidence and testimony regarding criminal warrants, arrests, and convictions of some of her black USPS co-workers (none

1

of whom were her supervisors or managers). These co-workers include, but are not limited to, Whitney Berry ("Berry"), Shantrell Berfect ("Berfect"), and Eboni Lee ("Lee"). Plaintiff's argument is that these African American co-workers created a hostile work environment where she felt threatened and unsafe. The Defendant contends that most of this alleged criminal activity involved private personal matters that were unrelated to the CPO or Plaintiff Jackson. Plaintiff further contends that her African American Supervisors allowed African American employees to threatened white employees which culminated in her co-worker, Sandy Keller, a white co-worker, being threaten by Berfect, an African American employee.

The Plaintiff contends that evidence of the criminal charges regarding Lee and Berfect are essential because the exclusion of their arrest record would prevent Ms. Jackson from "telling her story" and hamper her right to due process. The Plaintiff further contends that the arrest records are not offered to show that certain employees or the USPS intended to act in conformity with them, just that the event actually happened.

**II.     Legal Standard**

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v.*

*Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); see also See *LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the Court, and the Court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, an  and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 223140, at *1, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id*. at *1, 2009 U.S. Dist. LEXIS 124798, at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id*. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id*.

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. Fed. R. Evid. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion,

or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985). *See also Luvn' care v. Laurain*, 2021 WL 3440623 (W.D. La. 2001).

### III.     Analysis

The USPS seeks to exclude all testimony and evidence regarding USPS employee's criminal activity and arrests. Rec. Doc. 32 The Defendant contends that Plaintiff went out of her way to learn of these criminal issues, yet she alleges that the evidence relates to her hostile work environment claims. *Id*. The Defendant points out that the Plaintiff testified that she googled her fellow USPS employees and physically went to the St. Bernard Sheriff's Office to obtain some of their arrest records. *Id*. The Defendant contends that the evidence and testimony Plaintiff seeks to evoke and/or introduce regarding the arrests of USPS employees are not admissible under Federal Rules of Evidence 401, 402, 403, and 404(b).

The Plaintiff contends that all circumstances of the environment must be taken into consideration in a hostile environment claim. Rec. Doc. 38. Plaintiff acknowledges that she "googled" Lee and Berfect because she believed that they could be a threat to her safety. *Id*. Plaintiff generally contends that other acts of racism, even though different from the acts complained of in the subject litigation, should not be excluded per se. *Id*. The Plaintiff further contends that discriminatory incidents outside of the filing period may be relevant background information to current discriminatory acts and that cross-category discrimination could be relevant and correlate between the kind of discrimination claimed by the Plaintiff and directed at others. *Id*.

The USPS seeks to exclude all testimony and evidence regarding ten (10) instances where USPS employees were arrested for engaging in criminal activity. This includes but is not limited to the following exhibits listed on Plaintiff's Exhibit List, R. Doc. 26:

1. Exhibit 8 - Documents sent by Plaintiff to U.S. Rep. Steve Scalise, which contains documents regarding Berfect's and Lee's criminal matters, as well as the arrest records of Berfect's boyfriend at the time (who has not been listed as a witness by either party).

2. Exhibit 12 – Police Report from Berfect's arrest on 3/20/18 at the CPO.

3. Exhibits 13 and 14 – Eboni Lee's arrests on 5/14/18 and 5/15/18 for outstanding warrants stemming from a child custody dispute. These arrests did not occur on USPS property or involve the Plaintiff.

4. Exhibit 15 – Police report for Berfect's verbal altercation with CPO supervisor Crystal Webb-Kendrick on 5/31/19.

5. Exhibit 16 – Police report for Berfect's arrest on 5/31/19 for possession of a stolen firearm.

6. Exhibit 17 – Police report for Berfect's arrest on 7/15/19 for an incident that did not occur on USPS property but rather Tag's Meat Market on East Judge Perez Drive.

7. Exhibit 19 – List of alleged criminal offenses "created by" another white USPS employee, James Philpot. Further, none of the criminal offenses has resulted in a conviction or involved the Plaintiff.

8. Exhibit 24 is a video of the incident that led to Berfect's arrest on 7/15/19 (which is the same incident as Exhibit 17), that did not occur on USPS property and did not involve the Plaintiff.

9. Plaintiff emailed a copy of a Police Report from 2/16/19 to USPS management that involved Berfect.

10. It also appears that one of the witnesses Plaintiff is attempting to call at trial, John Dalier, (a Chalmette resident) is expected to be called at trial solely for the purpose of testifying about a USPS employee's alleged threatening and harassing.

Under Federal Rule of Evidence "Rule" 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." F.R.E. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…." *Id.*

The Fifth Circuit employs a two-step test in implement Rule 404(b), "First it must be determined that the extrinsic evidence offense is relevant to an issue other than defendant's character." *Buford v. Howe*, 10 F.3d 1184, 1188 (5th Cir. 1994) (citation omitted). Second, the "evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet other requirements of Rule 403." *Id*. Evidence regarding USPS employee's arrests and warrants fails both steps. Moreover, the relevancy of an arrest record must be assessed with regard to the nature and timing of the prior offenses committed and their relation to the issues in the case. *See Beard v. Mitchel* 604 F.2d 485 (7th Cir. 1979).

### I.     **Police Reports and News Reports**

The Plaintiff, Ms. Jackson, listed several police reports of Berfect and Eboni Lee on her exhibit list. According to the record these records include, Exhibit 12, 13, 14, 15, 16, 17, as well as, an excerpt of a document dated July15, 2019 that identifies Ms. Lee as a fugitive and Ms. Berfect for disturbing the peace, interruption of lawful assembly, resisting arrest by refusing to show ID, and simple assault. Rec. Doc. 32-3.

Berfect was arrested on July 16, 2018[1], February 2019[2], April 15, 2019[3], May 31, 2019[4], July 15, 2019[5], September 13, 2019[6]. Eboni Lee was arrested on May 15, 2018[7], May 16, 2018[8], June 6, 2018[9], June 11, 2018[10], July 4, 2018[11], May 20, 2019[12], and July 19, 2019[13].

While Ms. Berfect and Lee have had encounters with the police, none of these events are germane to the workplace. Without articulating it, Ms. Jackson seemingly desires to admit this evidence as overall evidence of the violent nature of two of her African American coworkers which made her afraid. In other words, Plaintiff is attempting to argue that because they were previously arrested, this should be evidence that it relates to their workplace behavior and how they rendered it hostile. Plaintiff is attempting to do this without being required to identify any inappropriate behavior in the workplace that made it hostile and impossible for her to work. This is classic character evidence. Notably, Jackson fails to present any admissible uses of this evidence. Further it is highly questionable that the Jackson would have known of the arrests but for her purposefully seeking out information in the public record regarding their criminal history from the St. Bernard Sheriff's Office. Consequently, evidence of Berfect and Lee's arrests as detailed above are excluded.

---

[1] Berfect was arrested for being a fugitive and also for resisting an officer.
[2] Berfect was arrested for Battery and Criminal Damage to Property.
[3] Berfect was sued in a Civil Matter for Temporary Restraining Order.
[4] Berfect was arrested for possession of a stolen firearm.
[5] Berfect was arrested on July 15, 2019 for Disturbing the Peace, Interruption of Lawful Assembly, Resisting Arrest by Refusing to ID, Simple Assault.
[6] Berfect was arrested for Disturbing the Peace
[7] Lee was arrested for having outstanding fugitive warrants.
[8] Lee was arrested on charges of simple criminal damage to property and disturbing the peace.
[9] Upon her release from St. Bernard Parish Jail, they did a warrant check and found that she had one out of Orleans Parish. This is a report of Ms. Lee being custody on a fugitive warrant.
[10] This is an arrest report on July 4, 2018 for being a fugitive.
[11] Lee was subject in custody for violation of a Protective Order.
[12] Lee was arrested at 4:00 AM. The record does not indicate the charge.
[13] Lee was arrested at 2:30 am

2. **Berfect Criminal Past Offense Summary**

The Defendant also challenges a summary of past criminal offenses of Berfect that seemingly are work related. For example, the first entry occurred in March 2018 and indicates that Berfect assaulted letter carrier Keller in the side parking lot of the Chalmette Post office. The summary further notes that Postmaster Trepagna took no action. Another example is the second item in the document which summarizes an event where Berfect allegedly assaulted James F. Phillpott in the Chalmette Post Office Side Parking area. According to the summary, the supervisor counseled her but took no other action. This incident occurred in September 2018.

There are a total of twelve entries on the document and while the Court will not detail each of the events it does acknowledge that there is lack of clear authorship of the document, no indication of where the information came from or if the information is accurate. Unlike the criminal information identified in Section 1, these instances are related to the workplace. It is unclear if at this stage of the proceedings whether the Plaintiff can establish another purpose which would render this document probative such as a diary. It is also unclear as to whether the information can be substantiated or authenticated. The Court, therefore, will defer ruling on this document until the trial proceedings in this matter.

3. **Documents Sent to U.S. Rep. Steve Scalise**

The record shows that Ms. Jackson sent documents regarding Eboni Lee and Shantrell Berfect to United States Representative Steve Scalise. These documents are included in the documents referenced in Section 1 of this opinion and were previously deemed inadmissible. The only possible probative value is to confirm that this is what Ms. Jackson sent to the U. S. Representative. It does not have any probative value as to the existence of a hostile work

environment. Therefore, the documents sent to U.S. Representative Steve Scalise are not admissible as evidence in this matter.

### IV.    Conclusion

Accordingly,

**IT IS HEREBY ORDERED THAT** the **Motion in Limine to Exclude Evidence Arrests and Criminal Warrants of USPS Employees** is **GRANTED in PART** and **DENIED in PART**.

**IT IS FURTHER ORDERED THAT** the criminal records and news reports of Shantrell Berfect and Eboni Lee arrests, as well as, the documents sent to U.S. Representative Steve Scalise are inadmissible for the reasons assigned above.

**IT IS FURTHER ORDERED THAT** the request to exclude the summary of incidents that occurred in the workplace between Shantrell Berfect and other CPO employees either on post office grounds or in the work place is **DENIED** at this time for the reasons assigned above.

New Orleans, Louisiana, this 22nd day of October 2021

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**