**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHRISTINA R. JACKSON**                           **CIVIL ACTION**

**VERSUS**                                                       **NO:      19-12403**

**LOUIS DEJOY, UNITES SATES**                   **SECTION: KWR**
**POSTMASTER GENERAL**

## ORDER

Before the Court is the Defendant's **Motion in Limine to Exclude Evidence and Testimony of Unrelated Social Media Posts of USPS Employees**, (Rec. Doc. 33) seeking to exclude social media posts, testimony, or argument relating to evidence posted on Facebook, LinkedIn, Instagram, Twitter, SnapChat, MySpace that do not pertain to the operations of the USPS and the Chalmette location where Plaintiff is employed. The Plaintiff, Christine R. Jackson, opposes the Motion. Rec. Doc. 39. The Defendant filed a Reply Memorandum in support of the Motion to Exclude. Rec. Doc. 43-2.

### I.      Factual Background

Plaintiff, Christina Jackson (hereinafter "Jackson"), a white United States Postal Service (hereinafter "USPS") employee filed the subject lawsuit contending that the Defendant discriminated against her by subjecting her to race-based disparate treatment and a hostile work environment. Rec. Doc 1. She also alleges that the Defendant violated the Family Medical Leave Act. *Id*.  Jackson contends that her supervisors, Denis Trepagnier and Gordon Tunnel, both of whom are black, created a hostile work environment by allowing African American employees, who were allegedly the disproportionate racial majority, to threaten white employees which culminated in threats of physical violence. Rec. Doc. 33-1.

Plaintiff has indicated that she intends to question some of the USPS employee witnesses about their social media posts. On the Plaintiff's exhibit list, she identified social media posts for

1

at least three USPS employees, Ashley Bolden, Kierra Oxley, and Eboni Lee. Rec. Doc. 33-1.  The Defendant contends that while Jackson acknowledged during her testimony that she does not have a Facebook account, she admitted that she uses her husband's Facebook account. *Id*. Jackson further admitted that she made screen recordings of her black-co-worker's social media posts. *Id*. The Defendant contends that Jackson purposefully sought out the social media posts of these employees, that were not made on USPS property, and wants to use them to establish her fear of being harmed by them. *Id*.

Jackson contends that her African American Supervisors allowed African American employees to threatened white employees. These threats culminated in her white co-worker, Sandy Keller, being threaten by Shantrel Berfect, an African American employee.  According to Jackson, Berfect threatened Keller in frony of Supervisor Trepagna while on the job. Berfect was arrested when leaving work and was in possession of a semi-automatic fully loaded pistol with an extended clip in the vehicle. She did not allege that she was threatened with any harm by Berfect, experienced threats of physical arm in front of her supervisors, or witnessed such behavior in the workplace.

## II.     <u>Legal Standard</u>

"A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, Federal Motions in Limine § 1:1 (2018). The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded

prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); see also See *LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012). Even then, rulings on these motions are not binding on the Court, and the Court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443 (1984).

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, an  and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 WL 223140, at *1, 2009 U.S. Dist. LEXIS 124798, at *274 (M.D. Fla. Jan. 30, 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* at *1, 2009 U.S. Dist. LEXIS 124798, at *276 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Id.* "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." *Id.*

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. Fed. R. Evid. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion,

or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985). *See also Luvn' care v. Laurain*, 2021 WL 3440623 (W.D. La. 2001).

### III.   <u>Analysis</u>

The Defendant contends that four social media posts identified as Exhibits 21, 22, 28 and 29 on the Plaintiff's witness list should be excluded because the evidence does not pertain to the operations of the Chalmette Post Office (CPO). They additionally contend that the evidence should be stricken because there is no relation between the social medica evidence and a condition of employment faced by the Plaintiff. The Defendant further contends that the social media posts and videos of Ashely Bolden, Kierra Oxley, and Eboni Lee are not relevant because: (1) they are not related to her employment (2) makes no reference or pertain to a condition of her employment (3) and the acts identified in the posts were not personally witnessed by the Plaintiff.

The Plaintiff contends that all circumstances of the environment must be taken into consideration in a hostile environment claim.  Plaintiff generally contends that other acts of racism even though different from the acts complained off should not be excluded per se.

### 1.   <u>Asley Bolden's Facebook Posts.</u>

The Defendant contends that Bolden's Facebook post do not reference the USPS or the CPO.  However, the Plaintiff contends that it is obvious that these posts are in response to Keller's initial comment about her coworkers and thus are an essential part of the facts of the case. According to Jackson, this post and others are not offered to show propensity but to show a pattern that white employees were censured for racially motivated posts where African American employees were not.

The posts in question provides:

- Exhibit 21- Ms. Bolden's first posts states, "Since we boycotting white businesses let's stop going to jail….the ultimate white business [shrug emojis]."

- Ms. Bolden's second post states "There's a difference between Racism and Prejudice Know the difference! [emoji]"

In evaluating the relevance of the contested posts, the Court notes that contrary to Plaintiff's representation, the complaint makes no reference to any allegations regarding the censuring of white employees for racially motivated posts. The Plaintiff provided no evidence to the Court that she posted something and was "censured" even if the posts were outside of the workplace on a personal Facebook. These posts seem to be, at most, the expression of an opinion and have absolutely nothing to do with the Chalmette Post Office or its employees'.  Additionally, these posts have nothing to do with Jackson's denial of leave requests, the alleged attempt to prevent her from testifying in an assault and battery criminal matter, or her complaint about increased workload due to the failure of inspection routes. The Facebook posts of September 12 at and December 15 by Ashely ExquiziteJewel-Polished Bolden are therefore excluded from these proceedings.

**2.   Kierra Oxley's Facebook Post**

The Defendant contends that Facebook posts of Kierra Oxley have nothing to do with Ms. Jackson or the CPO, nor were they directed at the Plaintiff. Furthermore, but for Ms. Jackson seeking out these posts by deliberately going on Ms. Oxley's page, she would have likely not seen them at all.

The Plaintiff contends that Oxley's posts do not clearly indicate that they have nothing to do with the work place because they, "do not specifically exclude that they are about the post office."

The Plaintiff contends that these posts tend to prove discriminatory animus in post office employees that went unchecked by management and cites *EEOC v. WC & M Enter., Inc.,* in support of this position. 496 F.3d 393, 399 (5thCir. 2007). The posts in questions provide:

- Exhibit 22- Kierra Oxley's Facebook post from 7/11/16. Ms. Oxley's post states, "Soo me [rolling eyes emoji]" and reposts another post that Ms. Oxley does not appear to have written.

- Exhibit 29- Kierra Oxley's Facebook post from 7/13/19. Plaintiff failed to identify this exhibit with a bates label, and the Defendant could not determine what the Plaintiff is referencing.

While the Plaintiff relies upon *WC& M Enter., Inc.,* to support her position that the social media post of July 11, 2016 should be admitted, the case actually does not support her position. 496 F.3d 393 (5thCir. 2007). The Court clearly says that in order to assess whether a work place is hostile, consideration must be given to the frequency of the discriminatory conduct, its severity, and whether any physically threatening or humiliating or merely an offensive utterance occurred in the workplace.

This post was an emotional reaction and there is no evidence that it is remotely connected to the workplace. The evidence presented further shows that Oxley, on July 12, 2016, reacted to a post by LATRUTH with by saying "Soo me" with an exhaustion type emoji. The initial post by LATRUTH stated "I don't like females [emoji] && I am a female [emoji][emoji] bitches annoying [emoji]." Rec. Doc. 33-5. Plaintiff seems to read into this reaction as adverse to her interest or

supportive of discrimination. This post however is at most a reaction to a post but has no connection to the claimant as distinct from any woman generally. This post is irrelevant to this alleged hostile environment claim or her denial of FMLA claim or any claim as asserted in the complaint. This Facebook post from July 12, 2016 is excluded.

The Defendants also seek to exclude a post referenced as Exhibit 29, but the exhibit was not bates labelled. The Court has not been provided with the post and so cannot evaluate it for admissibility. Therefore, regarding Exhibit 29, the Court reserves its ruling relative to its admissibility.

**3.   Eboni Lee's Instagram Posts**

The Defendant generally alleges that the social media posts by Ms. Lee are irrelevant Ms. Jackson claims. The Defendant also contends that Ms. Lee's posts have no relation to the workplace or the claimant. Consequently, the Defendant contends that these posts should be excluded.

The Plaintiff contends that the posts of Ms. Lee are relevant to show her contribution to the hostile work environment at the CPO.  Plaintiff also points out that the purpose of these posts is to show Ms. Lee as more "threatening to the jury" and to demonstrate a pattern of harassment based on race by Ms. Lee.  The Plaintiff while acknowledging that Ms. Lee is not on trial, suggests that there is no harm or danger in allowing "propensity evidence." Plaintiff seeks to include Exhibit 28 which include videos Eboni Lee posted to social media, however Plaintiff failed to identify which videos she intends to introduce.

Eboni Lee posted both videos to her Instagram account.  The first video was recorded at a library in Chalmette where Ms. Lee can be seen complaining about her perceived treatment by a white librarian when Ms. Lee pulled down her mask to speak. The second video involves an

7

incident where Ms. Lee's child's bike was stolen by a neighbor and Ms. Lee was complaining about the neighbor.  The videos illustrate Ms. Lee's frustration, her poor choice of words, and in both instances, she was complaining about the conduct of a white person towards her. However, in one video she clearly indicates that she does not feel this way about "classy white people." Nevertheless, neither of these videos involve the workplace, referred to Ms. Jackson, or contained any violent behavior, but they do involve vulgar and inappropriate language. Consequently, the Court is not persuaded that either videos could remotely constitute evidence of a hostile work environment at CPO. *See* Ex. A at 309:16-18. Therefore, neither video is admissible as evidence.

IV.    **Conclusion**

Accordingly,

**IT IS THEREFORE ORDERED THAT** the **Motion in Limine to Exclude Evidence and Testimony of Unrelated Social Media Posts of USPS Employees** is **GRANTED in PART** and **DENIED in PART**.

**IT IS ORDERED THAT** social media posts of Asley Bolden dated September 12, 2019 and December 15, 2015 are excluded.

**IT IS ALSO ORDERED THAT** the Facebook post of Kierra Oxley dated July 11, 2016 is excluded and the Instagram videos of Eboni Lee are excluded for the reasons assigned above.

**IT IS ALSO ORDERED THAT** the request to exclude Exhibit 29, Kierra Oxley's Facebook post of July 13, 2019 is **DENIED** at this time for the reasons assigned above.

New Orleans, Louisiana, this 22nd day of October 2021

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8